UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GEORGE JOHNSON, 06-B-2521,

        Petitioner,

v.

JAMES CONWAY, Superintendent of
Attica Correctional Facility,

        Respondent.
_____

**DECISION AND ORDER**

Case No.: 09-CV-0095(S)(M)

        Petitioner George Johnson, an inmate acting *pro se*, filed a petition under 28 U.S.C. §2254 for a writ of habeas corpus on January 28, 2009 [1].[1] On July 31, 2009, Hon. William M. Skretny referred the matter to me pursuant to 28 U.S.C. §636(b)(1) for all proceedings necessary to determine the factual and legal issues presented, and for preparation of a Report and Recommendation [25]. Before me is petitioner's motion to compel discovery [7]. For the following reasons, I order that petitioner's motion be DENIED.

**BACKGROUND**

        On September 13, 2006, petitioner was convicted in New York State County Court, Genesee County of first degree assault, attempted first degree assault, and criminal possession of a weapon in the third degree. Petition [1], p. 2. Petitioner seeks a writ of habeas corpus, alleging, *inter alia*, ineffective assistance of counsel. Petition [1], p. 8(C). Pursuant to

---

[1]     Bracketed references are to CM/ECF entries.

Rule 6 of the Rules Governing Section 2254 Cases (2009), petitioner moves to compel production of an investigative file from Jacqueline L. Balikowski, a private investigator retained by petitioner's trial attorney. Petitioner's Notice of Motion [7].

**DISCUSSION AND ANALYSIS**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6 provides in relevant part:[2]

> "(a) Leave of Court Required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. . . .
>
> (b) Requesting Discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission and must specify any requested documents."

"Whether a petitioner has shown 'good cause' depends on whether the petitioner has set forth specific allegations that provide 'reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief'." Jackson v. Goord, 2009 WL 331374, *1 (W.D.N.Y. 2009) (Bianchini, M.J.) (quoting Bracy, 520 U.S. at 908-09).

---

[2] Respondent quotes an outdated version of Rule 6. Fleischmann Declaration [9] ¶ 2, However, the 2004 Amendments to Rule 6 are "intended to be stylistic and no substantive change is intended." *See* Rule 6 Advisory Committee Notes.

In support of his motion, petitioner alleges that "in order to present facts specific to the issue being litigated . . . it is necessary and relevant that Petitioner be able to review the file, so that his presentation to the court is not based on speculation or of little value in trying to seek the vindication of his rights". Petitioner's Affidavit [7], ¶4; "in order to factually present the issue, and be able to argue legitimate actual facts, a review of the file is necessary". Id., ¶6 . However, petitioner provides no indication that the requested materials will actually advance his claims. For example, in response to respondent's opposition, petitioner argues only that "contrary to Respondent's contention, Petitioner, as required of him, produced specific evidence to prove that the requested material actually exists . . . ." Petitioner's Reply Affidavit [10], ¶2.

"'Generalized statements about the possible existence of discovery material are insufficient to constitute 'good cause.'" Jackson v. Conway, 2008 WL 850326, *1 (W.D.N.Y. 2008) (Bianchini, M.J.). *See also* Charles v. Artuz, 21 F. Supp. 2d 168, 169 (E.D.N.Y. 1998):

> "Charles seeks discovery of various materials relating to his state court conviction which, he claims in conclusory fashion, he needs 'to fairly and adequately present his Federal Law claims in a Federal judicial form in their appropriate manner.' In the Court's view, the petitioner's motion does not establish 'good cause' for the desired documents. In fact, his stated purpose is merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error. In sum, his motion amounts to a 'fishing expedition' which he hopes will yield a document providing ground for a writ."

Because petitioner has failed to present anything other than generalized statements about the possible existence of discovery material, he has failed to establish good cause necessary to warrant disclosure. Therefore, I deny petitioner's motion to compel. *See* Jackson, supra, 2009 WL 331374 at *1 ("The court may, in its discretion, deny discovery where

the petitioner has provided no specific evidence that the requested discovery would support his habeas corpus petition.").

Moreover, it does not appear that production of the investigative file would demonstrate that petitioner is entitled to relief in any event. Petitioner demands production of the file in relation to his claim of ineffective assistance of counsel. Petitioner's Notice of Motion [7]. In order to prevail on a claim of ineffective assistance of counsel, petitioner must (i) show that counsel's performance was so deficient that it fell below an objective standard of reasonableness under prevailing professional norms; and (ii) show that the deficient performance prejudiced the defense. *See* Strickland v. Washington, 466 U.S. 668, 687 (1984). These standards are highly deferential to the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'." Id. at 689.

Petitioner alleges that his trial counsel was ineffective "in having Ms. Balikowski conduct an investigation, talk to witnesses, and then, rather than have her testify in rebuttal, had her sit at counsel's table, making her all but useless." Petitioner's Affidavit [7], ¶3. However, the decision as to whether Ms. Balikowski should testify is a strategic one, which is "virtually unchallengeable". Strickland, supra, 466 U.S. at 691.

## CONCLUSION

For these reasons, I order that petitioner's motion to compel discovery [7] be

DENIED.

**SO ORDERED**

DATED:     February 22, 2010

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge