```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| GEORGE JOHNSON 06-B-2521, | **REPORT AND RECOMMENDATION** |
| Petitioner, | |
| -v- | 09-CV-0095(S)(M) |
| JAMES CONWAY, Superintendent, | |
| Respondent. | |

This case has been referred to me by Hon. William M. Skretny pursuant to 28 U.S.C. §636(b)(1) to conduct all proceedings necessary to determine the factual and legal issues presented, and for preparation of a Report and Recommendation [25].[1] Before me are petitioner's motions to hold the case in abeyance and to amend the petition [26, 27]. For the following reasons, I recommend that the motions be granted.

**BACKGROUND**

Petitioner, currently an inmate at the Attica Correctional Facility, was convicted on September 13, 2006, in Genesee County Court, State of New York, on counts of Assault in the First Degree, Attempted Assault in the First Degree, and Criminal Possession of a Weapon in the Third Degree. He was sentenced as a second felony offender to a determinate term of imprisonment of twenty years on the assault conviction and ten years on the attempted assault conviction, and to an indeterminate term of three and one-half to seven years on the weapons

---

[1] Bracketed references are to the CM/ECF docket entries.

conviction. The conviction was affirmed on direct appeal, People v. Johnson, 50 A.D. 2d 1537 (4th Dep't. 2008), lv. denied, 10 N.Y.3d 935 (2008).

Petitioner has filed a petition *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. §2254 [1], arguing that the prosecution did not establish an essential element of the offenses of assault and attempted assault in the first degree, namely "serious physical injury"; that the prosecution failed to establish by legally sufficient evidence that petitioner caused the injury – *i.e.,* petitioner's identification as the perpetrator was not established with legally sufficient evidence; that the verdict was against the weight of the evidence; that the prosecutor made improper remarks during summation; that petitioner was denied effective assistance of trial counsel when trial counsel: (a) failed to call as a witness at trial to impeach the prosecution's witnesses a private investigator retained by the defense whom interviewed witnesses and obtained statements from them, (b) failed to object to a number of the improper remarks made by the prosecutor during summation, and (c) failed to raise "specific arguments relative to the each of the counts," particularly the lack of evidence of serious physical injury, and failed to renew a challenge to the sufficiency of the evidence at the close of the defense's case; and finally, that the sentence imposed was harsh and excessive. Petition [1], ¶ 22, pp. 7-8(D). Respondent filed an answer and memorandum of law in opposition to the petition [15 and 16].

Petitioner subsequently filed these motions, which I construe together as both a motion to hold the petition in abeyance, and a motion to amend the petition.[2]

**ANALYSIS**

A.     **Petitioner's Motion to Stay**

Given the requirement that §2254 habeas petitioners first exhaust state judicial remedies (28 U.S.C. §2254(b)(1)(A); Daye v. Attorney Gen. of New York, 696 F. 2d 186, 191 (2d Cir.1982) (en banc)), and the procedural limitations (including the one-year period of limitations on filing petitions and the bar on second and successive petitions) which are imposed on habeas petitions by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. §2244(b) and 2244(d)(1), it has been recognized that the dismissal of a petition containing exhausted and unexhausted claims - i.e., a "mixed petition"- "could jeopardize the timeliness of a collateral attack." Zarvela v. Artuz, 254 F. 3d 374, 379-82 (2d Cir. 2001). In order to ameliorate this harsh result, the Second Circuit has adopted a "stay and abeyance" procedure for petitions presenting exhausted and unexhausted claims. Id. at 280. The Supreme Court has endorsed a similar procedure, with limitations, in Rhines v. Weber, 544 U.S. 269 (2005).

---

[2]     While petitioner's "Traverse to Return Request/Motion to Stay" never explicitly requests leave to amend the petition, it should be construed as also seeking leave to amend the petition [26]. Petitioner notes that he "has had another aspect of ineffective assistance of trial counsel identified for him" [26, ¶14], which he then spends at least six pages discussing. Indeed, petitioner's intent here seems obvious when he later discusses the "relation back" doctrine of Fed. R. Civ. P. ("Rule") 15(c) and applicable case law. [26, ¶¶37-38].

In Rhines, the Court held that a district court should grant a stay when it finds [1] "good cause" for petitioner's failure to exhaust his claims prior to filing the petition, [2] that the unexhausted claims are "potentially meritorious," and [3] that there is no indication that the petitioner "engaged in intentionally dilatory litigation tactics". 544 U.S. at 277-78. The Court, however, failed to define "good cause", and lower courts have provided various definitions. *See, e.g.,* Fernandez v. Artuz, 2006 WL 121943, *5 (S.D.N.Y. 2006) (collecting cases); Ramdeo v. Phillips, 2006 WL 297462, *5 (E.D.N.Y. 2006) ("Most of the courts which have thus far engaged in an in-depth analysis of the issue have required that good cause arise from something external, and not fairly attributable, to the petitioner"); Brown v. Ebert, 2006 WL 1273830, *3 (S.D.N.Y. 2006) (a petitioner who is "reasonably confused" about whether his claims have been properly exhausted in state court has shown good "good cause").

The nature of the claim which petitioner seeks to exhaust and then add to the petition is not entirely clear. Petitioner appears to ask to stay the petition so that he can now exhaust his state judicial remedies with respect to a claim that his trial counsel was ineffective for failing to fully investigate, through medical records and other evidence, a head injury which he allegedly suffered a few days prior to the assault at issue, and to then call medical witnesses to testify as to how the head injury contributed to the commission of the assault. Petitioner's motion [26] ¶¶14-21, 24-26, and 30-33. Specifically, ¶14 of petitioner's motion [26] states: "petitioner has had another aspect of ineffective assistance of counsel identified [for] him. It's related to the medical records and counsel's failure to pursue a viable defense and put potentially

exculpatory evidence before the jury. This was an issue not raised before any state court, and is a matter brought to my attention by a Law Clerk at the Attica Correctional Facility Law Library."

At first blush it appears that the claim petitioner seeks to exhaust is an ineffective assistance of appellate counsel claim, based on appellate counsel's failure to raise on direct appeal the claim that trial counsel was ineffective for failing to investigate the head injury and then present medical proof regarding the head injury at trial. Id., ¶¶10, 32-33. In fact, this is how petitioner's motion is construed by respondent's counsel in her declaration in opposition to the motion. [29], ¶5.

However, petitioner's reply further supports the construction of the "new" claim as ineffective assistance of *trial* counsel, based on a failure to offer medical evidence in relation to petitioner's head injury; a defense petitioner claims was a valid alibi defense: "Respondent misapprehended [*sic*] the facts . . . that appellate counsel was ineffective where the record shows that Petitioner seeks to exhaust in the state court and claim that trial counsel[] was ineffective for failure to present expert witness testimony to substantiate the medical records that Petitioner was incapable of committing the crime that he [was] charged with." [30].

What makes petitioner's papers further confusing is that he appears to be arguing that the "good cause" for his failure to exhaust the ineffective of trial counsel claim, *see* Rhines, 544 U.S. at 277, was his appellate counsel's failure to raise on direct appeal this additional ineffective assistance of trial counsel claim or, as petitioner states: "the conduct of Appellate

exculpatory evidence before the jury. This was an issue not raised before any state court, and is a matter brought to my attention by a Law Clerk at the Attica Correctional Facility Law Library."

At first blush it appears that the claim petitioner seeks to exhaust is an ineffective assistance of appellate counsel claim, based on appellate counsel's failure to raise on direct appeal the claim that trial counsel was ineffective for failing to investigate the head injury and then present medical proof regarding the head injury at trial. Id., ¶¶10, 32-33. In fact, this is how petitioner's motion is construed by respondent's counsel in her declaration in opposition to the motion. [29], ¶5.

However, petitioner's reply further supports the construction of the "new" claim as ineffective assistance of *trial* counsel, based on a failure to offer medical evidence in relation to petitioner's head injury; a defense petitioner claims was a valid alibi defense: "Respondent misapprehended [*sic*] the facts . . . that appellate counsel was ineffective where the record shows that Petitioner seeks to exhaust in the state court and claim that trial counsel[] was ineffective for failure to present expert witness testimony to substantiate the medical records that Petitioner was incapable of committing the crime that he [was] charged with." [30].

What makes petitioner's papers further confusing is that he appears to be arguing that the "good cause" for his failure to exhaust the ineffective of trial counsel claim, *see* Rhines, 544 U.S. at 277, was his appellate counsel's failure to raise on direct appeal this additional ineffective assistance of trial counsel claim or, as petitioner states: "the conduct of Appellate

exculpatory evidence before the jury. This was an issue not raised before any state court, and is a matter brought to my attention by a Law Clerk at the Attica Correctional Facility Law Library."

At first blush it appears that the claim petitioner seeks to exhaust is an ineffective assistance of appellate counsel claim, based on appellate counsel's failure to raise on direct appeal the claim that trial counsel was ineffective for failing to investigate the head injury and then present medical proof regarding the head injury at trial. Id., ¶¶10, 32-33. In fact, this is how petitioner's motion is construed by respondent's counsel in her declaration in opposition to the motion. [29], ¶5.

However, petitioner's reply further supports the construction of the "new" claim as ineffective assistance of *trial* counsel, based on a failure to offer medical evidence in relation to petitioner's head injury; a defense petitioner claims was a valid alibi defense: "Respondent misapprehended [*sic*] the facts . . . that appellate counsel was ineffective where the record shows that Petitioner seeks to exhaust in the state court and claim that trial counsel[] was ineffective for failure to present expert witness testimony to substantiate the medical records that Petitioner was incapable of committing the crime that he [was] charged with." [30].

What makes petitioner's papers further confusing is that he appears to be arguing that the "good cause" for his failure to exhaust the ineffective of trial counsel claim, *see* Rhines, 544 U.S. at 277, was his appellate counsel's failure to raise on direct appeal this additional ineffective assistance of trial counsel claim or, as petitioner states: "the conduct of Appellate

Counsel in putting forth an issue without submitting to the lower courts any evidence[ ] to support the issue in any manner or form that they raised in their brief." Petitioner's motion [26], ¶32. To further support the construction that the claim petitioner seeks to exhaust is an ineffective assistance of trial counsel claim related to the medical evidence issue, petitioner states that he "understands that he may be precluded from addressing the ineffective of Appellate Counsel [claim] before this Court, but that is a matter to be addressed in future proceedings if they are necessary." Id., ¶32.[3]

Accordingly, it appears to me that petitioner's "good cause" argument centers on his contention that his appellate counsel was ineffective for failing to obtain the medical records which his trial defense counsel had obtained prior to trial, but did not use as proof at trial, and for not raising on appeal the claim that trial counsel was ineffective in not presenting medical proof related to petitioner's purported head injury. In other words, petitioner seeks to excuse his failure to have exhausted his additional ineffective assistance of trial counsel claim because of the ineffective assistance of appellate counsel. *See, e.g.,* Simmons v. Abruzzo, 49 F. 3d 83, 87 (2d Cir. 1995) ("The complaint of a *pro se* litigant is to be liberally construed in his favor[]").

---

[3] Petitioner should note that the "second" or "successive" rule of 28 U.S.C. §2244(b), otherwise known as the "gate-keeping mechanism," may bar him from later pursuing this ineffective assistance of appellate counsel claim in a later-filed petition for a writ of habeas corpus. *See, e.g.*, Torres v. Senkowski, 316 F. 3d 14, 150-51 (2d Cir. 2003) ("AEDPA imposes stringent limits on a prisoner's ability to bring a second or successive application for a writ of habeas corpus. AEDPA's gatekeeping provisions require that second and successive §2254 applications be dismissed unless the claim relies on a new rule of constitutional law, made retroactive . . . by the Supreme Court or presents facts that could not have been discovered previously and tend to show actual innocence").

Many courts have "reasoned that good cause, like 'cause' in the procedural default context, must arise from an objective factor external to the petitioner which cannot fairly be attributed to him or her".  Ramdeo, 2006 WL 297462, at *5.  Thus, courts have found that ineffective assistance of appellate counsel may constitute "good cause".  *See, e.g.,* Martinez v. Artus, 2010 WL 1692454, *4 (E.D.N.Y. 2010) ("The lower federal courts have primarily applied the term [good cause] in the context of ineffective assistance of counsel claims where it is reasonable to conclude that an appellate attorney will not claim his own ineffective assistance on appeal"); Wallace v. Artus, 2006 WL 738154, *4 (S.D.N.Y. 2006) ("Most district courts have ruled that ineffective assistance of counsel suffices to show good cause"); Aessa v. Annetts, 2006 WL 3780392, *2 (E.D.N.Y. 2006) ("Significantly, some courts have held that the good cause requirement in the stay and abeyance context is satisfied by a claim of ineffective assistance of appellate counsel"); Ramchair v. Conway, 2005 WL 27866975, *18 (E.D.N.Y. 2005).[4]

Morever, it is significant that there is no evidence that petitioner has been intentionally dilatory in pressing his claims, which some courts have found to be a "critical component of the stay-and-abeyance analysis".[5]  Orta v. Rivera, 2007 WL 3533529, *4 (W.D.N.Y. 2007) (Skretny, J.).

---

[4] "In several cases in which the underlying claims were found to be meritless, courts have mentioned in dicta that ineffective assistance of counsel may not suffice to show good cause." Wallace, 2006 WL 738154 at *4 n.4.

[5] In fact, three concurring justices in Rhines would have held that this factor alone be the test for obtaining a stay.  Rhines, 544 U.S. at 278 (Souter, J., concurring, joined by Ginsburg, J. and Breyer, J.).

Therefore, I conclude that petitioner has demonstrated good cause under Rhines. Whether petitioner will succeed on this additional ineffective assistance of trial counsel claim is an issue for another day. *See, e.g.,* Lowmack v. Napoli, 2008 WL 545010, *3 (W.D.N.Y. 2008) (Bianchini, M.J.)("The Court cannot conclude at this time that the unexhausted claim of ineffective assistance of appellate counsel is so 'plainly meritless' that [petitioner] should be totally foreclosed from having the state courts pass on it before it is considered on federal habeas review"); Ortiz v. Barkley, 489 F. Supp. 2d 369, 371 (S.D.N.Y. 2007) (finding claim "not plainly meritless" based on representations made by petitioner even if claim ultimately lacks merit); Bryant v. Greiner, 2006 WL 1675938, *5 (S.D.N.Y. 2006) ("In upholding the stay-and-abeyance procedure, the Supreme Court emphasized that 'the interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims.' The 'plainly meritless' standard sets a low bar for precisely this reason." (*quoting* Rhines, 544 U.S. at 273, 277)).

**B.    Petitioner's Motion to Amend**

Petitioner seeks to amend the petition by adding another sub-claim to the ineffective assistance of trial counsel claim - namely, that his trial counsel failed to make proper use of medical records which he had obtained prior to trial and failed to present medical evidence and testimony, which petitioner believes would have proved his innocence. Petitioner's motion [26], ¶¶ 14-21, 24-26. Respondent concedes that petitioner filed the motion to stay within the one-year period of limitations, and that the additional claim of ineffective assistance of counsel would be "timely". Fleischmann declaration [29], ¶6. Accordingly, I need not address whether

this new claim sought to be added relates back[6] to the claims pled in the original petition, inasmuch as petitioner filed his motion within the one-year period of limitations for filing a petition for a writ of habeas corpus. *See* 28 U.S.C. §2254.

Moreover, since I have already found that this new claim is not plainly meritless, I also find that allowing petitioner leave to amend to add this claim would not be futile. *See* <u>Jones v. N.Y. Division of Military & Naval Affairs</u>, 166 F.3d 45, 50 (2d Cir. 1999) (district courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility); Rule 15(a) (leave to amend "shall be freely given when justice so requires").

Therefore, I recommend that petitioner be granted leave to amend the petition to add an additional claim for ineffective assistance of trial counsel. I also recommend that petitioner's motion for a stay be granted, subject to both the filing of an amended petition, which includes the grounds for relief currently set forth in the petition ([1], ¶22, pp. 7-8(D)), and the one additional claim of ineffective assistance of trial counsel based on counsel's failure to introduce at trial medical evidence and testimony related to petitioner's head injury.

## CONCLUSION

For these reasons, I recommend that petitioner's motions to stay the petition and to amend the petition [26, 27] be granted. If this recommendation is adopted, I further recommend that:

---

[6] *See* Rule 15(c); <u>Mayle v. Felix</u>, 545 U.S. 644, 650 (2005).

(1) Petitioner file an amended petition within 30 days thereafter which sets forth the grounds for relief currently set forth in the petition ([1], ¶22, pp. 7-8(D)), and the one additional claim of ineffective assistance of trial counsel related to the introduction of medical evidence and testimony related to petitioner's claimed head injury;

(2) Upon the filing of the amended petition, the stay will become effective without further order of the court or notice to the parties, and petitioner must then commence state court proceedings to exhaust this one additional claim within 30 days of filing the amended petition;

(3) Petitioner must also return to this court within 30 days of the completion of the state court proceedings by filing in this court a motion to vacate the stay. If these conditions are not met, this stay may later be vacated *nunc pro tunc* as of the date the stay was entered; and

(4) Within 30 days of vacatur of the stay, respondent shall file an answer to the amended petition, which may incorporate by reference its answer to the petition and the arguments raised in his memorandum of law in opposition to the petition.

Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by June 28, 2010 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), may result in the district judge's refusal to consider the objection.

**SO ORDERED.**

Dated: June 11, 2010

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge