UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GEORGE JOHNSON, 06-B-2521,

    Petitioner,

   -v-          09-CV-0095(MAT)
                **ORDER**
JAMES CONWAY, Superintendent,

    Respondent.

_____

## I. **Introduction**

*Pro se* petitioner George Johnson ("petitioner") has filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Genesee County Court of Assault in the First Degree (former N.Y. Penal L. § 120.10(1)); Attempted Assault in the First Degree (N.Y. Penal L. §§ 110.00/120.10(1)); and Criminal Possession of a Weapon in the Third Degree (N.Y. Penal L. § 265.02(3)) following a jury trial before Judge Robert C. Noonan. Petitioner was sentenced to aggregate terms of imprisonment totaling 20 years.

## II. **Factual Background and Procedural History**

Petitioner's conviction stems from an incident wherein he confronted two individuals while armed with a metal pipe, swinging at one and striking the other in the face, causing multiple fractures to the victim's jaw. Petitioner was charged in Genesee county with one count each of first-degree assault, attempted first-degree assault, and third-degree weapon possession. The matter was tried over four days in Genesee County Court. On July

20, 2006, the jury found petitioner guilty of all three counts of the indictment. T. 664.[1] Petitioner was subsequently sentenced as a second violent felony offender to determinate terms of imprisonment of twenty years for the assault count and ten years for the attempted assault, and an indeterminate term of three and one-half to seven years for the weapon possession. All sentences were ordered to run concurrently. S. 18-19. In connection with the sentence, the Court issued orders of protection for the benefit of the victims with an expiration date of January 7, 2034, or 8 years beyond the maximum period of incarceration.

Petitioner appealed the judgment of conviction to the Appellate Division, Fourth Department, raising the following points for review: (1) legally insufficient evidence to support the conviction for assault and attempted assault; (2) the verdict was against the weight of the evidence; (3) the prosecutor's summation was improper; (4) the duration of the orders of protection was excessive; (5) ineffective assistance of trial counsel; and (6) the sentence was harsh and excessive. <u>See</u> Resp't Exhibits ("Ex.") A. The judgment of conviction was unanimously affirmed by the state appellate court. <u>People v. Johnson</u>, 50 A.D.3d 1537 (4th Dept. 2008), <u>lv. denied</u>, 10 N.Y.3d 935 (2008).

In his *pro se* petition for writ of habeas corpus (Dkt. #1), petitioner contends that (1) the evidence was legally insufficient

_____

[1] Citations to "T.__" refer to the trial transcript; citations to "S.__" refer to the sentencing transcript.

to sustain the conviction; (2) the verdict was against the weight of the evidence; (3) the prosecutor made improper remarks on summation; and (5) ineffective assistance of trial counsel. <u>See</u> Petition ("Pet."), Attach. 7(a) *et seq*.

Petitioner subsequently made a motion with this Court to hold the case in abeyance and amend his petition to include additional, unexhausted claims of ineffective assistance of counsel (Dkt. ## 26, 27). The Court granted petitioner's request on June 11, 2010 (Dkt. # 32). He did not, however, return to state court to exhaust those claims, nor did he file an amended petition. Accordingly, the Court will vacate the stay entered on June 11, 2010, and proceed to evaluate all of the claims raised in his original petition.

For the reasons that follow, the petitioner is not entitled to the writ, and the petition is dismissed.

III. **Discussion**

A. **General Principles Applicable to Federal Habeas Review**

1. **Standard of Review**

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence

presented in state court. <u>See</u> 28 U.S.C. § 2254(d)(1), (2); <u>Williams v. Taylor</u>, 529 U.S. 362, 375-76 (2000).

### 2. Adequate and Independent State Ground Doctrine

It is a well-settled aspect of federal habeas jurisprudence that if "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred" absent (1) a showing of cause for the default and actual prejudice attributable thereto, or (2) a showing that failure to consider the claims will result in a "fundamental miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). A state ground will create procedural default sufficient to bar habeas review if the state ground first was an "independent" basis for the decision; this means that "the last state court rendering a judgment in the case clearly and expressly state[d] that its judgment rests on a state procedural bar." In addition, the state procedural bar must be "adequate" to support the judgment-that is, it must be based on a rule that is "'firmly established and regularly followed' by the state in question." <u>Garcia v. Lewis</u>, 188 F.3d 71, 77 (2d Cir. 1999) (quoting <u>Ford v. Georgia</u>, 498 U.S. 411, 423-24 (1991)).

If a state court holding contains a plain statement that a claim is procedurally barred then the federal habeas court may not review it, even if the state court also rejected the claim on the merits in the alternative. <u>See</u> <u>Harris v. Reed</u>, 489 U.S. 255, 264

n.10 (1989) ("a state court need not fear reaching the merits of a federal claim in an alternative holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision).

## B. Merits of the Petition

### 1. Grounds One and Four are Procedurally Barred

Petitioner alleges that the evidence was legally insufficient to support his conviction for assault and attempted assault and that the prosecutor made improper remarks during his summation. Pet., Attach. 8(A)-8(B). The Appellate Division found all of these arguments to be unpreserved for appellate review. Johnson, 50 A.D.3d at 1537, 1538. The Court construes this language to express the state court's reliance on New York's "contemporaneous objection rule," codified at New York Crim. Proc. L. § 470.05, which requires a contemporaneous objection to ruling or instruction to preserve the challenge for appellate review. The state court's invocation of § 470.05 "unquestionably serves as an independent and adequate basis to preclude federal habeas review." Sandy v. Donelli, No. 05-CV-1994 (ENV), 2010 WL 2985651, * 4 (E.D.N.Y. July 21, 2010) (citing, inter alia, Garvey v. Duncan, 485 F.3d 709 (2d Cir. 2007); Stewart v. Greene, No. 05 Civ. 0566(WHP)(THK), 2009 WL 4030833 (S.D.N.Y. Nov. 19, 2009)); see also Garcia v. Lewis, 188 F.3d 71 (2d Cir. 1999). Accordingly, petitioner's claims are subject to a procedural bar precluding habeas review.

The Court may reach the merits of petitioner's claims, despite the procedural default, if he can demonstrate cause for the default and prejudice, or that failure to consider the claims will result in a miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). A fundamental miscarriage of justice means a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986).

Petitioner has not attempted to make the factual showing of "actual innocence" required to qualify for the "fundamental miscarriage of justice" exception. He does, however, allege cause to overcome the procedural bar, by way of an independent claim of ineffective assistance of counsel based upon his attorney's failure to make specific sufficiency arguments in his trial order of dismissal and object to the prosecutor's remarks on summation. Pet'r Traverse ("Trav.") at 3; Pet., Attach. 8(C). Ineffective assistance of counsel may constitute cause for a petitioner's failure to pursue a constitutional claim, e.g., Edwards v. Carpenter, 529 U.S. 446 (2000), but in order to constitute cause, counsel's ineffectiveness must itself rise to the level of a constitutional violation. Id. (stating that "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" (emphasis in original)). Here, petitioner's underlying

contention that his attorney was ineffective is without merit. See infra at III.B.3. Because petitioner does not show that his trial attorney was constitutionally ineffective, he consequently cannot establish "cause" to excuse the procedural default. See Zayas v. Ercole, No. 08-CV-1037 (CBA), 2009 WL 6338395, *12 (E.D.N.Y. Nov.9, 2009) ("Since petitioner's trial counsel's performance was, in the aggregate, reasonable ... petitioner cannot establish cause for his failure to preserve the claim.").

These claims must therefore be dismissed as procedurally barred.

### 2. Grounds Two and Five are Not Cognizable on Habeas Review

Petitioner contends that the jury's verdict was against the weight of the evidence. Pet., Attach. 8(A). The respondent has correctly argued that petitioner's allegation is not subject to review in a federal habeas court. Resp't Mem. at 16-17.

Challenges to the weight of the evidence supporting a conviction, unlike challenges to the sufficiency of the evidence, are not cognizable on federal habeas review. E.g., Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996). A claim that a verdict was against the weight of the evidence derives from N.Y. Crim. Proc. L. § 470.15(5), which permits an appellate court in New York to reverse or modify a conviction where it determines "that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence." N.Y. Crim. Proc. L.

§ 470.15(5). Thus, the "weight of the evidence" argument is a pure state law claim grounded in the criminal procedure statute, whereas a legal sufficiency claim is based on federal due process principles. People v. Bleakley, 69 N.Y.2d 490, 495 (1987). Since a weight of the evidence claim is purely a matter of state law, it is not cognizable on habeas review. See U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Accordingly, petitioner's weight of the evidence claim must be dismissed.

Petitioner also contends that his sentence is harsh and excessive. Pet., Attach. 8(C). However, a petitioner's assertion that a sentencing judge abused his discretion in sentencing is generally not a federal claim subject to review by a habeas court. See Fielding v. LeFevre, 548 F.2d 1102, 1109 (2d Cir. 1977) (petitioner raised no cognizable federal claim by seeking to prove that state judge abused his sentencing discretion by disregarding psychiatric reports) (citing Townsend v. Burke, 334 U.S. 736, 741 (1948) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus.")). Moreover, a challenge to the term of a sentence does not present a cognizable constitutional

issue if the sentence falls within the statutory range. <u>White v. Keane</u>, 969 F.2d 1381, 1383 (2d Cir. 1992); <u>accord</u> <u>Ross v. Gavin</u>, 101 F.3d 687 (2d Cir. 1996) (unpublished opinion).

Petitioner was sentenced as a second violent felony offender to a determinate, twenty-year prison term. The sentence falls within the range permitted by New York's sentencing scheme. <u>See</u> N.Y. Penal L. § 70.04(3)(a) (authorizing a sentence of ten to twenty-five years for a conviction for first-degree assault). Petitioner therefore does not state a claim for habeas relief, and petitioner's challenge to his sentence is dismissed.

### 3. Ground Four Fails on the Merits

Petitioner argues, as he did on direct appeal, that his trial counsel was ineffective for failing to call a private investigator as a witness, failing to object to the prosecutor's summation, and failing to make a specific argument to preserve the claim that the evidence of serious personal injury was legally insufficient. Pet., Attach. 8(C). The Appellate Division summarily rejected petitioner's claim, holding that petitioner received "meaningful representation." <u>Johnson</u>, 50 A.D.3d at 1538 (citing <u>People v. Baldi</u>, 54 N.Y.2d 137, 147 (1981)).

To establish that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel, a petitioner must show that (1) his attorney's performance was deficient, and that (2) this deficient performance prejudiced his defense. <u>Strickland</u>

v. Washington, 466 U.S. 668, 687 (1984). Deficiency is measured by an objective standard of reasonableness, and prejudice is demonstrated by a showing of a "reasonable probability" that, but for counsel's unprofessional errors, the result of the trial would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." Id. To succeed, a petitioner challenging counsel's representation must overcome a "strong presumption that [his attorney's] conduct falls within the wide range of reasonable professional assistance." Id. at 689. A reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," id., and may not second-guess defense counsel's strategy. Id. at 690.

### a. Failure to Call Investigator as a Witness

First, petitioner contends that his attorney was constitutionally ineffective for failing to call the defense's investigator, Jacqueline Balikowski, as a witness. Prior to jury selection, the prosecutor observed Balikowski sitting at the defense table and asked the trial court to have counsel decide whether he was going to present her as a witness or sit at the defense table and relinquish the right to testify. T. 7-8. Initially, counsel indicated that after discussing the issue with petitioner, petitioner did not want the investigator to sit at the

counsel table. T. 14-15. Subsequently, however, counsel brought to the trial court's attention that he had a second discussion regarding Balikowski, and that he and his client had determined that it would be benficial for the investigator to be available at the counsel table so that she would be able to confer with the defense during trial. T. 359. The record thus reflects, and petitioner concedes in his responding papers, that he and his attorney discussed the matter and petitioner ultimately agreed that Balikowski would better serve the defense as a consultant, rather than a witness. Trav. at 4. Because petitioner consented to counsel's strategy, his complaint now that counsel acted unreasonably in this regard is unpersuasive. See Laurey v. Graham, 596 F.Supp.2d 743, 749-750 (W.D.N.Y. 2009) (holding that counsel was not ineffective for failing to call a witness after counsel had consulted with the petitioner on the issue, and petitioner consented to not subpoenaing the witness in question). Moreover, because petitioner has failed to rebut the presumption that, under the circumstances, counsel's decision was within the realm of sound trial strategy, he fails to establish ineffective assistance of counsel on this ground. See Strickland, 668 U.S. at 689.

### b. Failure to Object to the Prosecutor's Summation

Petitioner next avers that his attorney was deficient for failing to object to the prosecutor's remarks on summation. The record reveals that counsel did, in fact, object to one portion of

the prosecutor's summation.[2] The trial court sustained the objection and granted counsel's request for a curative instruction. T. 611-12. With respect to the remaining remarks challenged in petitioner's prosecutorial misconduct claim, i.e., that the prosecutor expressed his personal belief in petitioner's guilt and denigrated the defense, petitioner cannot demonstrate that his attorney's failure to object constitutes ineffective assistance under Strickland. "'Objections, particularly during a prosecutor's summation, are generally considered strategic in nature' and therefore are not generally grounds for federal habeas relief." Mazique v. Ercole, No. 06-CV-1723(NGG), 2008 WL 2884370, *9 (E.D.N.Y. July 23, 2008) (quoting Persad v. Conway, No. 05-CV-4199(CBA), 2008 WL 268812, *15 (E.D.N.Y January 30, 2008)). As the Appellate Division observed in an alternative ruling, the prosecutor "did not exceed the broad bounds of rhetorical comment permissible in closing argument." Johnson, 50 A.D.3d at 1538 (internal quotation omitted). Here, the prosecutor responded to the defense's summation by referring to evidence introduced at trial. e.g., T. 609. There was therefore no reason for counsel to object, and it is well-settled that counsel cannot be faulted for failing to make a meritless objection. Giovannelli v. U.S., No. 07 Civ. 3069(JSR)(THK), 2007 WL 4190787, *6 (S.D.N.Y. Nov. 27, 2007)

---

[2] The objectionable remark was, "Do you have any reason to believe that [the witness] . . . or any of these other witness that testified for the People would come in here and commit perjury; falsely accuse the defendant of these crimes?" T. 611.

(collecting cases).

### c. Failure to Renew Challenge to Sufficiency of the Evidence

Likewise, petitioner cannot demonstrate that his attorney's conduct was objectively unreasonable regarding counsel's failure to properly preserve the issue of legal sufficiency. On the issue of legal sufficiency, the Appellate Division alternatively held that, "[t]he People presented evidence establishing that the assault victim sustained a serious physical injury, i.e., a fractured jaw that was wired shut for four to five weeks, and they presented evidence establishing the remaining elements of assault and attempted assault." Johnson, 50 A.D.3d at 1537-38 (citations omitted). As underscored by the appellate court's opinion, it is highly unlikely that a trial order of dismissal on that ground would have been granted, and trial counsel cannot be ineffective in failing to make a meritless argument. See U.S v. Arena, 180 F.3d 380, 396 (2d Cir. 1999). Moreover, because it is unlikely that such a motion would have been successful, there is no reasonable probability that the outcome of petitioner's trial would have been different.

In sum, petitioner does not establish that his attorney's conduct was objectively unreasonable and that, but for his attorney's errors, the outcome of his trial would have been different. Accordingly, the Appellate Division's decision was neither contrary to, nor an unreasonable application of Strickland

13

v. Washington.

## IV. Conclusion

For the reasons stated above, George Johnson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. <u>See, e.g.</u>, <u>Lucidore v. New York State Div. of Parole</u>, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
                    MICHAEL A. TELESCA
            United States District Judge

Dated:     January 7, 2011
           Rochester, New York