UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GEORGE JOHNSON, 06-B-2521,

        Petitioner,

        -v-                                  09-CV-0095(MAT)
                                             **ORDER**

JAMES CONWAY, Superintendent,

        Respondent.

## I.  Introduction

On or about January 28, 2009, petitioner George Johnson ("petitioner") filed a *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his conviction for Assault in the First Degree (former N.Y. Penal L. § 120.10(1)); Attempted Assault in the First Degree (N.Y. Penal L. §§ 110.00/120.10(1)); and Criminal Possession of a Weapon in the Third Degree (N.Y. Penal L. § 265.02(3)) (Dkt.#1).  This Court dismissed the petition for writ of habeas corpus and denied a certificate of appealability, finding that petitioner failed to make a substantial showing of the denial of a constitutional right.(Dkt.#35). The record indicates that an appeal of that judgment is pending before the Court of Appeals for the Second Circuit, Case No. 11-273.

Now before this Court is petitioner's motion to vacate the judgment pursuant to Fed. R. Civ. P. 60(b). (Dkt.#39).[1] The reader

---

[1] The filing of the Notice of Appeal transferred jurisdiction to the Court of Appeals and divested this Court of jurisdiction over those aspects of the case involved in the appeal. Griggs v. Provident Consumer Discount Co.,

is presumed to be familiar with the facts of this case, which were detailed in the Decision and Order by this Court.

For the reasons that follow, petitioner's motion pursuant to Fed.R.Civ.P. 60(b) is denied.

## II. Procedural History

Following the filing of his original habeas petition, petitioner made a motion with this Court to hold the case in abeyance and amend his petition to include an additional, unexhausted claim of ineffective assistance of counsel (Dkt. ##26, 27). The Court granted petitioner's request on July 17, 2010, on the condition that petitioner file an amended petition to include the unexhausted claims within 30 days. Upon the filing of the amended petition, the stay would then become effective and the petitioner was to commence state court proceedings to exhaust his additional claim of ineffective assistance of counsel within 30 days. (Dkt.#32). Petitioner did not file an amended petition in accordance with the conditions of the Court's order, nor did petitioner apprise the Court of his efforts to exhaust the additional claim in the state courts. Accordingly, the Court proceeded to evaluate the original petition and review petitioner's exhausted claims on the merits. The habeas petition was then denied on January 7, 2011 (Dkt. #35).

---

459 U.S. 56, 58 (1982). As the appeal was taken from the final judgment, this Court lacks jurisdiction to grant the relief requested. This Court does, however, have jurisdiction to entertain and deny the motion. See Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992).

This motion to vacate followed (Dkt. #39), in which petitioner seeks to vacate the Court's judgment on the basis of "neglect, mistake, and/or inadvertence, as specified in Rule 60(b)." See Dkt. #39 at 1. Petitioner contends that "the District Court mistakenly denied and dismissed Petitioner's habeas corpus, before allowing petitioner to exhaust a claim in state court." See Dkt. #43 at 1.

**III. Discussion**

Petitioner moves pursuant to Fed.R.Civ.P. 60(b)(1), which provides relief from a judgment or order where there exists "mistake, inadvertence, surprise or neglect[.]" Petitioner argues that the Court erred when it vacated the stay and ruled on petitioner's original petition on the merits.

Per the conditions of this Court's stay dated July 11, 2010, petitioner had until August 10, 2010 (30 days) to file an amended petition containing both the exhausted an unexhausted claims. See Dkt. #32 at 9-10.[2] Petitioner did not file an amended petition, nor did he communicate to the Court his exhaustion efforts until approximately 174 days later, when he filed a motion on January 31, 2011, to vacate the Court's Decision and Order of January 7, 2011, and attached documents relating to his § 440.10 proceedings in

---

[2] To reiterate, the Court ordered petitioner to file an amended petition within 30 days which would set forth the grounds for relief contained in the original petition (Dkt. #1, ¶ 22) and the one additional claim of ineffective assistance of trial counsel. Upon the filing of the amended petition, petitioner would thereafter have 30 days to commence state court proceedings to exhaust his additional claim, and then return to this Court 30 days after the completion of those proceedings. See Dkt. #32 at 10, ¶¶ (1)-(3).

3

state court. Those documents reveal that petitioner filed his § 440.10 motion in state court as early as as August, 2010, but neglected to inform the Court of that development.

Petitioner was explicitly informed that his failure to comply with the conditions of his stay would result in the stay being vacated *nunc pro tunc* as of the date it was entered. Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001). This Court did vacate the stay on January 7, 2011, after petitioner failed to file his amended petition as directed, and proceeded to evaluate the merits of the original petition. Indeed, the Supreme Court recommended a procedure whereby district courts "place reasonable time limits on a petitioner's trip to state court and back." Rhines v. Weber, 544 U.S. 269, 278 (2005). By conditioning a stay "on the petitioner's taking action within limited intervals," the petitioner is "alerted . . . to the need for expeditious exhaustion." Zarvela, 254 F.3d at 381. Here, petitioner did not make any submissions at all to the Court after his motion for a stay and to amend was granted.

"Rule 60(b) is, however, an extraordinary remedy," and was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." Russell v. Delco Remy Div. of General Motors Corp., 51 F.3d 746, 749 (7th Cir .1995) (citing McMillan v. MBank Fort Worth, N.A., 4 F.3d 362, 367 (5th Cir. 1993)). Rather than standing in for an ordinary appeal, Rule 60(b) provides relief only in "exceptional circumstances." Nemaizer

4

v. Baker, 793 F.2d 58, 61 (2d Cir. 1986); see also Harris v. U.S., 367 F.3d 74, 77 (2d Cir. 2004) ("[A]n attack on the integrity of a previous habeas proceeding using subsection (6) of Rule 60(b) is viable only in 'extraordinary circumstances.'").

Petitioner's disagreement with the Court's decision to vacate the stay due to his non-compliance with the "stay and abeyance" order does not constitute a "mistake" within the meaning of Rule 60(b)(1), which "'affords a party relief from a material mistake that changed the outcome of the court's judgment.'" In re Bulk Oil (USA), Inc., No. 89-B-13380, 93 Civ. 4492(PKL), 93 Civ. 4494(PKL), 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007) (quoting Matura v. United States, 189 F.R.D. 86, 89 (S.D.N.Y. 1999) and citing Fetik v. New York Law School, 97 Civ. 7746, 1999 WL 459805, at *4 (S.D.N.Y. June 29, 1999) (declining to provide relief under Rule 60(b)(1) where movant did not show "any material issue of fact or law overlooked by the Court")). Rule 60(b)(1) is not to be invoked to "provide a movant an additional opportunity to make arguments or attempt to win a point already 'carefully analyzed and justifiably disposed.'" In re Bulk Oil, 2007 WL at *10 (quoting Matura, 189 F.R.D. at 90).

Moreover, petitioner has not attempted to explain how or why the alleged mistake was attributable to "exceptional circumstances," Employers Mut. Cas. Co. v. Key Pharm., 75 F.3d 815, 824-25 (2d Cir.1996) ("A movant under Rule 60(b) must demonstrate

'exceptional circumstances' justifying the extraordinary relief requested."). Petitioner's "[m]ere disagreement" with this Court's resolution of the legal and factual issues presented by his habeas petition does not amount to an "exceptional circumstance" for which Rule 60(b)(1) relief is warranted. Accord A.P. v. McGrew, No. 97 C 5876, 1998 WL 808879, at *4 (N.D. Ill. Nov. 16, 1998) (dismissing Rule 60(b)(1) motion for relief from summary judgment order where plaintiff "simply claim[ed] that [the court] erroneously applied the law"; the "[m]ere disagreement with [the court's] approach to and application of the summary judgment standard of review and the evidence [it] relied upon is not an exceptional circumstance warranting relief under Rule 60(b)(1)").

Accordingly, petitioner has not presented a sufficient basis for relief pursuant to subsection (1) of Rule 60(b). The Court also finds that there is no other basis for relief under the remaining subsections of Rule 60(b).

**IV. Conclusion**

For the foregoing reasons, petitioner's motion for relief from the judgment dismissing his habeas petition is denied. No certificate of appealability shall issue. See 28 U.S.C. § 2253(c).

**SO ORDERED.**

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   March 2, 2011
         Rochester, New York